UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| In Re: ) | |
| ) | Filed/Docketed |
| RUSSELL LEE KING ) | Aug 06, 2015 |
| ) | |
| TERESA JEAN KING ) | |
| ) Case No. | 15-11056-R |
| Debtors. ) | (Chapter 13) |

## ORDER CONFIRMING CHAPTER 13 PLAN

The Court has determined that the Chapter 13 Plan filed June 3, 2015, (the "Plan") by the Debtors (hereinafter the "Debtor") meets the confirmation requirements of Chapter 13 of Title 11 of the United States Code and the Court finds that the Plan should be confirmed, subject to the provisions set forth below.

IT IS THEREFORE ORDERED AS FOLLOWS:

1. The Plan is hereby confirmed, subject to the provisions of this Order.

2. The Plan payments shall be made to the Standing Chapter 13 Trustee (the "Trustee") under an Order for Wage Deduction issued to the Debtor's employer or other payment order ("Payment Order"). Prior to commencement of payments to the Trustee under an Order for Wage Deduction or a Payment Order, or at any time the employer or third party does not make the required plan payments, the Debtor shall timely pay all plan payments which become due to "Chapter 13 Trustee", by certified or cashier's check or money order, with the Debtor's name and case number legibly written thereon.

3. The Debtor shall immediately notify the Court and the Trustee, by written pleading, of any change of address or of any change in Debtor's place of employment. Notice of change of employment shall include the name and appropriate mailing address for the payroll department of the new employer.

4. Notwithstanding confirmation of the Plan, all property of the estate defined by 11 U.S.C. §1306 shall remain property of the estate and shall not revest in the Debtor until a discharge is entered or the case is dismissed. If the case is converted to another chapter of Title 11 of the United States Code, property of the estate shall vest in accordance with applicable law. Only those funds returned to the Debtor by the Trustee, if any, shall revest in the Debtor. The Debtor shall remain in possession of property of the estate and is responsible for its preservation and protection. If required by the original contract between the parties, the Debtor shall maintain adequate insurance coverage for all property on which any creditor holds a lien unless such insurance coverage is specifically waived, in writing, by the secured creditor or by Order of the Court. The amount of insurance coverage shall not be less than the amount of the allowed secured claim of the secured creditor with respect to such property stated in the Plan and the amount of the deductible shall not exceed the amount of the deductible in the policy of insurance provided for in the original contract between the parties. The secured creditor shall be listed on the insurance policy as loss-payee and the Debtor shall provide such secured creditor with proof of such insurance. The Trustee shall have no responsibility for preservation or protection of property in possession of the Debtor. Further, the Trustee shall have no responsibility to obtain insurance for the Debtor or monitor the Debtor in obtaining or maintaining insurance as required by this Order.

5. The automatic stay provided by 11 U.S.C. §362(a) shall remain in force and effect until the Court enters an order granting relief therefrom, or the case is closed, or the case is dismissed by order of the Court, or the Debtor is granted or denied a discharge. Further, the stay of action against codebtors provided by 11 U.S.C. §1301(a) shall remain in force and effect until the Court specifically grants relief therefrom, or this case is closed, dismissed, or converted to a case under Chapter 7 or 11 of Title 11 of the United States Code, or the codebtor stay is terminated as

provided in 11 U.S.C. §1301(d).  In the event the Plan provides that certain property is to be surrendered, the automatic stay is hereby modified or terminated to allow the creditor to whom such property is surrendered to exercise its rights with respect to such property.

6. The Debtor shall not incur any additional debts during the term of the Plan without prior order of the Court except such debts as may be necessary for emergency or routine medical, dental, optical or hospital care, or as may be necessary for emergency or routine automobile or home repair expenses.  The Debtor may incur additional debt without prior order of the Court if necessary for the protection and preservation of life, health or property and prior permission cannot be readily obtained.  If the Debtor is engaged in business, the Debtor may incur debt in the usual and ordinary course of Debtor's business operations.

7. During the pendency of this case, the Debtor is enjoined and prohibited from selling, encumbering or in any manner disposing of assets of the estate without prior order of the Court except as may be required in the ordinary course of Debtor's business if Debtor is engaged in a business.

8. All claims provided for in the Plan shall be treated for purposes of distribution as set forth in the Plan, except as stated below.  Each secured creditor shall retain its lien to the extent of the value of its collateral stated in the Plan and shall have an allowed secured claim in the amount of that stated value, with any balance of its claim as actually filed being allowed as an unsecured claim.  If the holder of a secured claim files a Proof of Claim for less than the value stated in the Plan for its collateral, the allowed secured claim of that creditor shall be in the amount filed and the Trustee is authorized to reamortize the payments due to that creditor, at the interest rate specified in the Plan, for the term of payments for that creditor under the Plan.  If the Plan provides for a claim as a secured claim but the holder of the claim files the claim as an unsecured

nonpriority claim, the Trustee shall pay that claim as an unsecured nonpriority claim. If the holder of an unsecured priority claim files a Proof of Claim for less than the amount stated in the Plan, the Trustee is authorized to pay the amount stated in the Proof of Claim over the term of payments provided under the Plan for that creditor.

9. In the event all allowed claims have been paid in full prior to the term of months stated in the Plan, the Trustee is hereby authorized to file a Motion for Entry of Early Discharge and the Plan shall be deemed completed and the Debtor shall be entitled to a full-compliance discharge upon the filing of such motion, unless the Court orders otherwise.

10. Creditors are enjoined and prohibited from assessing late charges, penalties or other fees by virtue of the manner in which payments are made or by virtue of the timing of payments under the Plan from the Trustee, without prior order of the Court.

11. If this case is hereafter dismissed or converted to another chapter under Title 11 of the United States Code, all funds received by the Trustee prior to such dismissal or conversion shall be paid under the terms of the Plan to the creditors. Any funds received by the Trustee subsequent to dismissal or conversion of this case may be returned to the payor uncashed or may be cashed and refunded to the Debtor, in the sole discretion of the Trustee.

12. This Order supersedes any adequate protection orders previously entered in this case and any such orders shall be of no further force and effect.

13. If the Debtor is engaged in business, the Trustee shall not perform the duties stated in 11 U.S.C. §1302(c) until further order of the Court. If the Debtor is engaged in business and if the Plan does not provide for payment of all claims in full, the Debtor is directed to file the reports required under 11 U.S.C. §704(8) and N.D. Bankr. LR 2015-2, signed under penalty of perjury, at

least quarterly (with the information therein contained compiled by month) and furnish a file stamped copy thereof to the Trustee.

14. The Trustee is authorized to make disbursements under the Plan and in accordance with 11 U.S.C. §1326.

15. The Trustee is authorized to deduct and transfer to the Chapter 13 Expense Account the preset percentage fee fixed pursuant to 28 U.S.C. §586(e)(1)(B) by Orders of the Attorney General.

16. Payment of Debtor's attorney fees as set forth in the Plan is approved.

17. If the Debtor fails to perform any provision of the Plan or this Order (other than the timely payments of plan payments), the Trustee may file a Declaration of Non-Compliance and give notice thereof to the Debtor and the Debtor's attorney. In the event the default is not cured by the Debtor within 15 days after the date the Declaration is filed, the Trustee is authorized to submit an Order Dismissing Case and this case may be dismissed without further notice or hearing.

Dated: August 06, 2015

DANA L. RASURE
UNITED STATES BANKRUPTCY JUDGE

Prepared and submitted by:

s/ Lonnie D. Eck
Lonnie D. Eck
Chapter 13 Trustee

5