IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| In re: | ) | |
| Russell Lee King | ) | |
| Teresa Jean King | ) | |
| xxx-xx-2353 xxx-xx-9353 | ) | Case No. 15-11056-R |
| 17433 Graceland Road | ) | Chapter 13 |
| Kellyville OK 74039-4301 | ) | |
| | ) | |
| Debtor(s) | ) | |

## MODIFIED CHAPTER 13 PLAN

LENGTH OF PLAN: 60 months.

PLAN PAYMENTS: Debtors shall pay the amount(s) at right per month. The Trustee shall deduct the Trustee's preset percentage fee from each payment.

$532.00 in months 01-13,
$603.00 in months 14-19,
$646.00 in months 20-35,
$780.00 in months 36-40,
$899.00 in months 41-60

COMMENCEMENT DATE: Plan payments shall commence on or before 30 days after the Chapter 13 Petition is filed.

===========================================================================

**PRIORITY CLAIMS**: [to be paid in full without interest]

| CLAIMANT | DESCRIPTION | AMOUNT | MONTHLY PAYMENTS AND NUMBER OF PAYMENTS |
|---|---|---|---|
| Huckabee & Huckabee, Inc. | Attorney fees | $2,975.00 | $371.88 in months 01-08, $0.00 in months 09-60 |
| Internal Revenue Service | 2012-2014 income tax | $5,565.45 | $0.00 in months 01-15, $123.68 in months 16-60 |
| Oklahoma Tax Commission | 2014 income tax | $1,385.76 | $0.00 in months 01-16, $31.49 in months 17-60 |
| Huckabee & Huckabee, Inc. | Additional attorney fees | $500.00 | $0.00 in months 01-08, $375.00 in months 09-09, $125.00 in months 10-10, $0.00 in months 11-60 |

==============================================================================

**REAL ESTATE MORTGAGE CLAIM(S) SECURED BY PRINCIPAL RESIDENCE OF DEBTOR(S):**

| CLAIMANT | DESCRIPTION | ALLOWED AMOUNT | INTEREST RATE | MONTHLY PAYMENTS AND NUMBER OF PAYMENTS |
|---|---|---|---|---|
| American Heritage Bank | 1st mortgage on homestead at 17433 Graceland Road, Kelleyville, Oklahoma. Debtors will make monthly payments directly to this claimant, beginning with the first payment contractually due after the case is filed. Interest rate and payments shall be per contract. | $49,280.65 | per contract | per contract |
| American Heritage Bank | The pre-petition default in the mortgage on the homestead property at 17433 Graceland Road, Kelleyville, Oklahoma shall be cured by the payment of this arrearage. | $892.30 | 0.00% | $0.00 in months 01-09, $50.00 in months 10-15, $197.43 in months 16-18, $0.00 in months 19-60 |
| American Heritage Bank | Cure post-petition arrearage (September and October 2015) | $1,454.00 | 0.00% | $0.00 in months 01-09, $200.00 in months 10-10, $313.50 in months 11-14, $0.00 in months 15-60 |

================================================================================

**REAL ESTATE MORTGAGE CLAIM(S) SECURED BY REAL PROPERTY OTHER THAN PRINCIPAL RESIDENCE OF DEBTOR(S):**

| CLAIMANT | DESCRIPTION | ALLOWED AMOUNT | INTEREST RATE | MONTHLY PAYMENTS AND NUMBER OF PAYMENTS |
|---|---|---|---|---|

================================================================================

**SECURED CLAIMS ENTITLED TO ADEQUATE PROTECTION UNDER 11 U.S.C. § 1326(a)(1)(C):**

The following claimants are provided adequate protection in the form of a lien on each pre-confirmation plan payment to the Chapter 13 Trustee in the payment amount stated below for each claimant, subject to the provisions of Local Rule 3070-2.

| CLAIMANT | COLLATERAL | FILED OR SCHEDULED CLAIM | ALLOWED SECURED CLAIM | INTEREST RATE | MONTHLY PAYMENTS AND NUMBER OF PAYMENTS |
|---|---|---|---|---|---|
| American Heritage Bank | 1998 Ford F150. 910-day rule does apply. | $5,105.65 | $5,105.65 | 6.00% | $100.53 in months 01-18, $379.91 in months 19-28, $0.00 in months 29-60 |

================================================================================

**OTHER SECURED CLAIMS:**

| CLAIMANT | COLLATERAL | FILED OR SCHEDULED CLAIM | ALLOWED SECURED CLAIM | INTEREST RATE | MONTHLY PAYMENTS AND NUMBER OF PAYMENTS |
|---|---|---|---|---|---|

================================================================================

**SPECIAL UNSECURED CLASS(ES):**

| CLAIMANT | DESCRIPTION | ALLOWED AMOUNT | MONTHLY PAYMENTS AND NUMBER OF PAYMENTS |
|---|---|---|---|

========================================================================

**PROPERTY TO BE SURRENDERED:**

The following property is surrendered to the creditor secured by the property. Upon confirmation of this Plan, the surrendered property shall be deemed abandoned from the estate and relief from stay is granted with respect to the property to allow the creditor to pursue its rights against the property. If the creditor has timely filed a secured claim, the creditor shall have ninety (90) days from the date of confirmation of this Plan to establish any deficiency it may have and amend its proof of claim to state the deficiency. Otherwise the creditor shall not be allowed an unsecured deficiency claim in this case.

| CLAIMANT | PROPERTY TO BE SURRENDERED | AMOUNT OF SECURED CLAIM |
|---|---|---|
| United Consumer Finance | Kirby vacuum | $365.00 |

========================================================================

**LIEN AVOIDANCE(S):**  The Debtor(s) shall file a separate Motion or Motions to avoid the liens or security interests of the following claimants pursuant to 11 U.S.C. § 522(f) and the claim(s) of such claimant(s) shall be relegated to and treated as general unsecured claims.

========================================================================

**UNSECURED CLAIM(S):**  All claims not specifically provided for above and those relegated to unsecured status above shall be paid as general unsecured claims, without priority, on a *pro rata* basis.

| | |
|---|---:|
| Unsecured Claims per Schedule F: | $ 41,074.00 |
| Claims Relegated to Unsecured Status: | $ - |
| Total Projected Unsecured Claims: | $ 41,074.00 |
| Approximate Percentage Payback to Holders of Unsecured Claims: | 49% |

NOTE: The actual payback to unsecured claims may be more or less depending on claims actually filed and allowed.

================================================================================
**OTHER PROVISIONS:**

1. All property of the estate under 11 U.S.C. §§ 541 and 1306 at the time of confirmation, and all property thereafter acquired and included in the estate under 11 U.S.C. § 1306, shall remain property of the estate until removed from the estate by operation of law or separate order. All stays in effect at the time of confirmation shall remain in force and effect until terminated or modified under applicable law, or by order of the Court.

2. All claims shall be paid as set forth above unless a creditor objects prior to the confirmation hearing and files a claim within ninety (90) days after the first date set for the meeting of creditors called pursuant to 11 U.S.C. § 341(a). Except as provided in Fed. R. Bankr. P. 3002(c)(1), governmental units must file claims within 180 days after the order for relief. If a priority or secured claim, including a mortgage arrearage claim, is filed for less than the amount provided for in this Plan, the Trustee is authorized to pay the lesser amount.

3. FILING OF A CLAIM IS REQUIRED FOR PAYMENT. If a creditor does not timely file a proof of claim within the time periods stated in the preceding paragraph and no claim is filed under Fed. R. Bankr. P. 3004, that creditor shall receive NO distribution from the Trustee under this Plan. In such case, the Trustee is authorized to disburse funds that creditor would have received to other creditors entitled to payment under this Plan.

4. A. Secured creditors, except those holding long-term debts under 11 U.S.C. § 1322(b)(5), shall retain their liens as provided in 11 U.S.C. § 1325(a)(5)(B)(i). Secured creditors holding long-term debts shall retain their liens until paid in full under the applicable loan documents notwithstanding the entry of a discharge under 11 U.S.C. § 1328.

   B. The allowed secured claim of each secured creditor shall be the value of the collateral stated in the Allowed Secured Claim column, or the amount of the filed claim, whichever is less, with the balance (if any) of the claim actually filed being allowed as an unsecured claim.

5. If a secured creditor provided for under this Plan obtains relief from the automatic stay, the Trustee is authorized to cease all disbursements to that creditor and to disburse funds that the creditor would have received to other creditors entitled to payment under this Plan, unless the Court orders otherwise.

6. Confirmation of this Plan shall serve as a determination that the Debtor(s) have satisfactorily met the requirements of 11 U.S.C. § 521(a) and the case shall not thereafter be subject to dismissal under 11 U.S.C. § 521(i).

7. The above named Debtor(s) is/are enjoined from incurring any debts without prior approval of the Court, except such debts as may be necessary for emergency medical or hospital care.

Date:	10/15/2015

　　　　　　　　　　　　　　　　/s/Brian W. Huckabee
　　　　　　　　　　　　　　　　Brian W. Huckabee OBA 4428
　　　　　　　　　　　　　　　　Huckabee & Huckabee, Inc.
　　　　　　　　　　　　　　　　Attorney for Debtor
　　　　　　　　　　　　　　　　406 S. Boulder Suite 425, Tulsa, OK  74103
　　　　　　　　　　　　　　　　918-587-3000 / notices@hucklaw.com